08-CV-00940-NTC

FILED
LODGED

ENTERED
RECEIVED

JUN 1 6 2008   LK

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GOTHAM INVESTORS, on behalf of itself and
all others similarly situated,

Plaintiff,

v.

PAULA ROSPUT REYNOLDS, JOSEPH W.
BROWN, ROBERT S. CLINE, PETER L.S.
CURRIE, JOSHUA GREEN III, JOHN S.
HAMLIN, KERRY KILLINGER, GARY
LOCKE, GERARDO I. LOPEZ, WILLIAM G.
REED, CHARLES R. RINEHART, JUDITH M.
RUNSTAD, SAFECO CORPORATION, and
LIBERTY MUTUAL INSURANCE
COMPANY,

Defendants.

No. **C 08 - 0940** BAT

NOTICE OF REMOVAL

TO:   The Clerk, United States District Court
for the Western District of Washington at Seattle

**A.     Removal of State Court Action**

Defendants Paula Rosput Reynolds, Joseph W. Brown, Robert S. Cline, Peter L.S. Currie,

Joshua Green III, John S. Hamlin, Kerry Killinger, Gary Locke, Gerardo I. Lopez, William G.

Reed, Charles R. Rinehart, Judith M. Runstad (collectively, the "Director Defendants"), Safeco

Corporation ("Safeco") and Liberty Mutual Insurance Company ("Liberty Mutual") are all of the

NOTICE OF REMOVAL – 1
Case No. C08-_____

ORIGINAL

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

63511-1006/LEGAL14377038.1

defendants in the above-entitled civil action, which was commenced on or about June 2, 2008, and is still pending in the Superior Court of the State of Washington for King County (the "Superior Court"), as Cause No. 08-2-18681-4 SEA. Through this Notice, defendants pray that this action be removed to this Court from the Superior Court.

**B.      Bases for Jurisdiction in Federal Court**

Jurisdiction in this Court is premised on both federal question jurisdiction and jurisdiction as provided by the Class Action Fairness Act of 2005 ("CAFA").

**1.      Federal Question Jurisdiction**

The Complaint alleges that Safeco and the Director Defendants breached fiduciary duties and duties of disclosure that they owed to Safeco's shareholders in connection with (1) the proposed merger of Safeco into Liberty Mutual, (2) the concomitant purchase by Liberty Mutual of all outstanding stock owned by Safeco's shareholders, and (3) the proxy materials to be provided to Safeco's shareholders pursuant to Section 14(a) of the Securities Exchange Act of 1934 ("Exchange Act").[1]

Although plaintiff purports to assert only claims under state law, the reality is very different. As a publicly traded corporation registered with the SEC, Safeco's duty of disclosure, and that of its directors, cannot be determined without reference to federal securities laws and regulations. Consequently, pursuant to the Artful Pleading Doctrine, plaintiff's claims should be deemed claims arising under federal law over which this Court has original jurisdiction.

The Artful Pleading Doctrine holds that, although a plaintiff generally is the master of his or her complaint, the plaintiff nevertheless "may not avoid federal jurisdiction by omitting from

---

[1] The Preliminary Proxy Statement was filed with the Securities and Exchange Commission ("SEC") on or about May 23, 2008.

NOTICE OF REMOVAL – 2
Case No. C08-_____

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

63511-1006/LEGAL14377038.1

the complaint allegations of federal law that are essential to the establishment of his claim."

Lippitt v. Raymond James Financial Services, Inc., 340 F.3d 1033, 1041 (9th Cir. 2003) (internal

quotation marks and citation omitted). Among the situations in which it is appropriate to invoke

the Artful Pleading Doctrine to support removal and establish federal jurisdiction are cases, like

this one, in which plaintiff's state-law claims implicate a substantial federal question. Id. at

1042. A state-law claim implicates a substantial federal question when

> (1) a substantial, disputed question of federal law is a necessary
> element of the well-pleaded state claim, or the claim is an
> inherently federal claim articulated in state-law terms; or (2) the
> right to relief depends on the resolution of a substantial, disputed
> federal question.

Id. (internal quotation marks, citations and emphasis deleted).

Here, it is not possible to resolve plaintiff's claims without first making determinations

concerning disputed issues of federal law. Specifically, the Court will have to make

determinations concerning the scope and extent of disclosures that the federal securities laws

require Safeco and the Director Defendants to make in the proxy context. See, e.g., 15 U.S.C.

§ 78n(a); 17 C.F.R. §§ 240.14a-1 through 240.14a-101. Furthermore, because plaintiff alleges

that "defendants [acted] to conceal material information from plaintiff and Safeco's other public

shareholders," Complaint ¶ 1, the anti-fraud provisions of the Exchange Act are also implicated.

15 U.S.C. §§ 78j(b), 78n(e); see also 17 C.F.R. §§ 240.10b-5, 240.14a-9.

In accord with the Artful Pleading Doctrine, plaintiff's claims arise under the laws of the

United States and this Court has original subject-matter jurisdiction under 28 U.S.C. § 1331.

## 2.    CAFA Jurisdiction

This Court also has subject-matter jurisdiction based on CAFA.

CAFA applies to class action lawsuits, such as this one, where the aggregate number of

persons in all proposed plaintiff classes is 100 or more and where the primary defendants are not

state officials or entities against whom the Court may be foreclosed from ordering relief. 28

U.S.C. § 1332(d)(5); Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1020 (9th Cir. 2007).

NOTICE OF REMOVAL – 3
Case No. C08-_____

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

63511-1006/LEGAL14377038.1

Assuming these threshold requirements are satisfied, CAFA vests federal courts with original jurisdiction if (1) the aggregate amount in controversy exceeds $5 million and (2) any class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2); Serrano, 478 F.3d at 1020-21.

Each of these requirements is satisfied here:

- There can be no serious doubt that the proposed class consists of more than 100 persons. Plaintiff itself alleges that Safeco has over 92 million shares issued and outstanding, and that class members "are so numerous and geographically dispersed that joinder of all of them would be impracticable." Complaint ¶ 23.

- None of the defendants are state governmental entities.

- Plaintiff challenges and/or seeks rescissory damages related to a proposed merger that involves the purchase by Liberty Mutual of more than 92 million shares of Safeco stock at a price of $68.25 per share. Even deducting shares held by persons excluded from the class definition, the aggregate amount in controversy far exceeds $5 million.

- There is only one named plaintiff (whose state of residence is not identified in the Complaint) and defendants are residents of at least two different states— Washington (Safeco) and Massachusetts (Liberty Mutual). Complaint ¶¶ 6, 19.[2] Because plaintiff does not purport to be a corporation, it cannot be a resident of

---

[2] The Complaint does not identify the state of residence of the Director Defendants. In a parallel class action previously filed in this Court, which makes essentially the same allegations as the Complaint in this action, the plaintiff alleged that the Director Defendants are domiciliaries of four different states—Washington, New York, California and Texas. See Complaint ¶¶ 7-19, Loring v. Brown, No. C08-0733 RSM (filed May 9, 2008) ("First Safeco Class Action"). On June 6, 2008, the First Safeco Class Action was reassigned to Judge Zilly and is identified on the Civil Cover Sheet as the related case at Docket No. C08-0733 TSZ.

NOTICE OF REMOVAL – 4
Case No. C08-_____

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

63511-1006/LEGAL14377038.1

both Washington and Massachusetts. Therefore, under CAFA, this final requirement for jurisdiction is met.

Plaintiff nevertheless contends that this action is not removable under CAFA because it "challenges the internal affairs or governance of Safeco." Complaint ¶ 4. In making this contention, plaintiff ignores the language that introduces CAFA's internal affairs or governance exception, and which limits that exception to cases that involve <u>only</u> claims concerning internal affairs or corporate governance issues. In pertinent part, the applicable CAFA provision states:

> Paragraph (2) shall not apply to any class action that <u>solely</u> involves a claim—
>
> . . .
>
> (B) that relates to the internal affairs or governance of a corporation or other form of business enterprise and that arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized[.]

28 U.S.C. § 1332(d)(9) (emphasis added).[3]

This action does not <u>solely</u> involve claims that relate to the internal affairs or governance of a corporation. The Complaint contains claims against Liberty Mutual for aiding and abetting breaches of duty allegedly committed by Safeco and the Director Defendants. <u>See</u> Complaint ¶¶ 42, 50. The claims against Liberty Mutual do not pertain to the internal affairs or corporate governance of either Safeco or Liberty Mutual. Consequently, the exceptions to federal jurisdiction found in Section 1332(d)(9) do not apply.

Accordingly, pursuant to CAFA, this Court has original jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(d)(2).

---

[3] The corresponding removal provision contains virtually identical language, including the word "solely" in the introduction. 28 U.S.C. § 1453(d).

NOTICE OF REMOVAL – 5
Case No. C08-_____

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

63511-1006/LEGAL14377038.1

## C.   Propriety of Removal

This Court, which is the United States District Court for the district and division embracing the place where the state-court action is pending, would have had original jurisdiction over plaintiff's claims had plaintiff elected to file the action in federal court. Indeed, as indicated in footnote 2 above, in another case (the First Safeco Class Action) that is already pending in this Court, a different plaintiff purports to represent the same or similarly defined class and asserts virtually the same claims against Safeco and the Director Defendants. Therefore, this action is removable to this Court under 28 U.S.C. §§ 1441(a) and 1453(b).

## D.   Service of Initial Pleadings and Timeliness of Removal

Defendants may remove an action to federal court within 30 days following service of the Summons and Complaint. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350-56 (1999) (interpreting 28 U.S.C. § 1446(b)). Here, Safeco was served with the Summons and Complaint on June 3, 2008. The Director Defendants agreed to accept service, effective June 4, 2008, based on courtesy copies of the Summons and Complaint that had been emailed to their counsel on June 2, 2008. Liberty Mutual, although aware of this action, has not yet been served.

Accordingly, this notice of removal is timely.

## E.   The State-Court Complaint and other Pleadings

Attached to this Notice is a true copy of the Complaint which plaintiff filed in the action pending in state court. All other process, pleadings or orders served on defendants or filed in the state court in this action will be filed, together with the verification of defendant's counsel, within ten days of the filing of this Notice, as required by this Court's local rule, CR 101(b).

NOTICE OF REMOVAL – 6
Case No. C08-_____

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

DATED this 16th day of June, 2008.

1
2
3
4   **PERKINS COIE LLP**
5
6
7   By: _Joseph E. Bringman_
8       James F. Williams, WSBA No. 23613
9       Joseph E. Bringman, WSBA No. 15236
10      Nicholas A. Manheim, WSBA No. 39858
11  Attorneys for Defendants Safeco Corporation,
12  Paula Rosput Reynolds, Joseph W. Brown,
13  Robert S. Cline, Peter L.S. Currie, Joshua
14  Green III, John S. Hamlin, Kerry Killinger,
15  Gary Locke, Gerardo I. Lopez, William G.
16  Reed, Charles R. Rinehart and Judith M.
17  Runstad
18
19
20  **WILSON SONSINI GOODRICH &**
21  **ROSATI, P.C.**
22
23
24  By: _Barry M. Kaplan by Joseph E. Bringman,_
25      Barry M. Kaplan, WSBA No. 8661   _As authorized_
26  Attorneys for Defendant Liberty Mutual
27  Insurance Company
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

NOTICE OF REMOVAL – 7
Case No. C08-_____

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

63511-1006/LEGAL14377038.1

*Attachment*

*Attachment*

1

2

3

4

5

6                    SUPERIOR COURT OF WASHINGTON

7                              KING COUNTY

8   GOTHAM INVESTORS, on behalf of itself          CLASS ACTION
    and all others similarly situated,
9

10              Plaintiff,                          Case No.  08-2-18681-4  SEA

11       vs.

                                                    **COMPLAINT FOR BREACH OF**
12  PAULA ROSPUT REYNOLDS, JOSEPH W.                **FIDUCIARY DUTY AND**
    BROWN, ROBERT S. CLINE, PETER L.S.              **FAILURE TO DISCLOSE**
13  CURRIE, JOSHUA GREEN III, JOHN S.
    HAMLIN, KERRY KILLINGER, GARY
14  LOCKE, GERARDO I. LOPEZ, WILLIAM                **JURY TRIAL DEMANDED**
    G. REED, JR., CHARLES R. RINEHART,
15  JUDITH M. RUNSTAD, SAFECO
    CORPORATION, and LIBERTY MUTUAL
16  INSURANCE COMPANY,

17              Defendants.

18

19       Plaintiff, by its attorneys, alleges as and for its class action complaint, upon personal

20  knowledge as to itself and its own acts, and as to all other matters upon information and belief, as

21  follows:

22                          **NATURE OF THE ACTION**

23       1.     This is a sharcholder class action on behalf of plaintiff and the other public

24  holders of Safeco Corporation ("Safeco" or the "Company") common stock and against Safeco's

COMPLAINT                              - 1 -

1  directors and Liberty Mutual Insurance Company ("Liberty Mutual"). It challenges the sale of

2  Safeco to Liberty Mutual and its wholly owned subsidiary Big Apple Merger Corporation ("Big

3  Apple") in a proposed transaction (the "Sale Agreement") which protects and advances the

4  interests of Safeco's directors and Liberty Mutual at the expense of Safeco's public shareholders

5  and defendants' efforts to conceal material information from plaintiff and Safeco's other public

6  shareholders in conjunction with the same. Specifically, as further alleged below, a majority of

7  Safeco's directors will receive extensive personal compensation as a result of the Sale

8  Agreement – compensation that they would not otherwise receive at this time absent the Sale

9  Agreement. This conflict of interest caused these directors to be unable to fairly and thoroughly

10  evaluate the Sale Agreement to ensure that they are in the best interest of Safeco and its public

11  shareholders. Additionally, Safeco's directors caused Safeco to file a proxy statement with the

12  SEC on or about May 23, 2008 (and, through the SEC, distribute to Safeco's shareholders over

13  the Internet) which concealed material information from plaintiff and Safeco's other public

14  shareholders.

15  **JURISDICTION AND VENUE**

16  2.  This Court has jurisdiction over the subject matter of this action pursuant to RCW

17  § 2.08.010.

18  3.  This Court has jurisdiction over this action because Safeco is a Washington

19  corporation headquartered in this County and because the improper conduct alleged in this

20  Complaint occurred in and/or was directed at Washington. Moreover, as alleged in more detail

21  *infra*, this Court has jurisdiction over each of the director defendants because they serve as

22  directors of a Washington corporation. Additionally, the Court has jurisdiction over each of the

23  defendants because their wrongful conduct challenged in this complaint was directed at, and

24  intended to have its primary effect in, Washington.

COMPLAINT — 2 —

1    4.    This action challenges the internal affairs or governance of Safeco and hence is

2    not removable to Federal Court under the Class Action Fairness Act of 2005 or the Securities

3    Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. § 78bb(f).

4                                         **PARTIES**

5    5.    Plaintiff Gotham Investors owned shares of Safeco common stock at all relevant

6    times and continues to own such shares.

7    6.    Defendant Safeco is a Washington corporation headquartered at Safeco Plaza,

8    1001 Fourth Avenue, Seattle, Washington 98154. Safeco is an insurance holding company

9    which is licensed to provide property and casualty insurance along with related services to

10   individuals and small-to-mid-size businesses in all 50 states through its insurance subsidiaries.

11   As of February 15, 2008, Safeco had 7,057 employees located throughout the United States.

12   Safeco also sells surety bonds to contractors and businesses.

13   7.    Defendant Paula Rosput Reynolds ("Reynolds") was appointed Safeco's President

14   and Chief Executive Officer and a director of Safeco, effective January 1, 2006 and Board Chair

15   effective May 7, 2008. Reynolds also serves on the boards of directors of Delta Air Lines,

16   Anadarko Petroleum Corporation, and the Seattle Art Museum, as well as Safeco. Before

17   joining Safeco, Reynolds was Chairman, President and Chief Executive Officer of AGL

18   Resources. As a result of the Sale Agreement, Reynolds (a) is entitled to receive a cash payment

19   of over $17.6 million in change-in-control payments, (b) is entitled to receive a cash payment of

20   approximately $6.2 million for her restricted stock rights, and (c) will be granted a right to

21   indemnification for acts or omissions occurring prior to the consummation of the Sale

22   Agreement. This Court has jurisdiction over Reynolds because Safeco is headquartered in

23   Washington and many of Reynolds's actions challenged in this complaint occurred in, or were

24   directed at, this State.

COMPLAINT                                    - 3 -

1   8.  Defendant Joseph W. Brown ("Brown") has served as a director of Safeco since

2 2001.  Brown served as Non-Executive Chairman of the Board from January 2006 to May 7,

3 2008.  Pursuant to the Sale Agreement, Brown (a) is entitled to receive a cash payment for his

4 22,500 restricted stock rights which will fully vest upon the effective time of the Sale

5 Agreement, and (b) will be granted a right to indemnification for acts or omissions occurring

6 prior to the consummation of the Sale Agreement.  This Court has jurisdiction over Brown

7 because Safeco is headquartered in Washington and many of Brown's actions challenged in this

8 complaint occurred in, or were directed at, this State.

9   9.  Defendant Robert S. Cline ("Cline") has served as a director of Safeco since 1992

10 and was appointed Non-Executive Lead Director on May 7, 2008.  Pursuant to the Sale

11 Agreement, Cline (a) is entitled to receive a cash payment for his 11,825 restricted stock rights

12 which will fully vest upon the effective time of the Sale Agreement, and (b) will be granted a

13 right to indemnification for acts or omissions occurring prior to the consummation of the Sale

14 Agreement.  This Court has jurisdiction over Cline because Safeco is headquartered in

15 Washington and many of Cline's actions challenged in this complaint occurred in, or were

16 directed at, this State.

17   10.  Defendant Peter L.S. Currie ("Currie") has served as a director of Safeco since

18 July 2005.  Pursuant to the Sale Agreement, Currie (a) is entitled to receive a cash payment for

19 his 4,325 restricted stock rights which will fully vest upon the effective time of the Sale

20 Agreement, and (b) will be granted a right to indemnification for acts or omissions occurring

21 prior to the consummation of the Sale Agreement.  This Court has jurisdiction over Currie

22 because Safeco is headquartered in Washington and many of Currie's actions challenged in this

23 complaint occurred in, or were directed at, this State.

24

COMPLAINT     - 4 -

11.     Defendant Joshua Green III ("Green") has served as a director of Safeco since July 2005. Pursuant to the Sale Agreement, Green (a) is entitled to receive a cash payment for his 11,825 restricted stock rights which will fully vest upon the effective time of the Sale Agreement, and (b) will be granted a right to indemnification for acts or omissions occurring prior to the consummation of the Sale Agreement. This Court has jurisdiction over Green because Safeco is headquartered in Washington and many of Green's actions challenged in this complaint occurred in, or were directed at, this State.

12.     Defendant John S. Hamlin ("Hamlin") has served as a director of Safeco since 2006. Pursuant to the Sale Agreement, Hamlin (a) is entitled to receive a cash payment for his 2,500 restricted stock rights which will fully vest upon the effective time of the Sale Agreement and (b) will be granted a right to indemnification for acts or omissions occurring prior to the consummation of the Sale Agreement. This Court has jurisdiction over Hamlin because Safeco is headquartered in Washington and many of Hamlin's actions challenged in this complaint occurred in, or were directed at, this State.

13.     Defendant Kerry Killinger ("Killinger") has served as a director of Safeco since January 2003. Pursuant to the Sale Agreement, Killinger (a) is entitled to receive a cash payment for his 11,825 restricted stock rights which will fully vest upon the effective time of the Sale Agreement, and (b) will be granted a right to indemnification for acts or omissions occurring prior to the consummation of the Sale Agreement. This Court has jurisdiction over Killinger because Safeco is headquartered in Washington and many of Killinger's actions challenged in this complaint occurred in, or were directed at, this State.

14.     Defendant Gary Locke ("Locke") has served as a director of Safeco since February 2005. Pursuant to the Sale Agreement, Locke (a) is entitled to receive a cash payment for his 6,825 restricted stock rights which will fully vest upon the effective time of the Sale

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 868-7870

1  Agreement, and (b) will be granted a right to indemnification for acts or omissions occurring

2  prior to the consummation of the Sale Agreement. This Court has jurisdiction over Locke

3  because Safeco is headquartered in Washington and many of Locke's actions challenged in this

4  complaint occurred in, or were directed at, this State.

5       15.     Defendant Gerardo I. Lopez ("Lopez") has served as a director of Safeco since

6  January 2008. Pursuant to the Sale Agreement, Lopez will be granted a right to indemnification

7  for acts or omissions occurring prior to the consummation of the Sale Agreement. This Court

8  has jurisdiction over Lopez because Safeco is headquartered in Washington and many of Lopez's

9  actions challenged in this complaint occurred in, or were directed at, this State.

10       16.     Defendant William G. Reed, Jr. ("Reed") has served as a director of Safeco since

11  1974. Pursuant to the Sale Agreement, Reed (a) is entitled to receive a cash payment for his

12  11,825 restricted stock rights which will fully vest upon the effective time of the Sale

13  Agreement, and (b) will be granted a right to indemnification for acts or omissions occurring

14  prior to the consummation of the Sale Agreement. This Court has jurisdiction over Reed because

15  Safeco is headquartered in Washington and many of Reed's actions challenged in this complaint

16  occurred in, or were directed at, this State.

17       17.     Defendant Judith Runstad ("Runstad") has served as a director of Safeco since

18  January 1990. Pursuant to the Sale Agreement, Runstad (a) is entitled to receive a cash payment

19  for her 11,825 restricted stock rights which will fully vest upon the effective time of the Sale

20  Agreement, and (b) will be granted a right to indemnification for acts or omissions occurring

21  prior to the consummation of the Sale Agreement. This Court has jurisdiction over Runstad

22  because Safeco is headquartered in Washington and many of Runstad's actions challenged in this

23  complaint occurred in, or were directed at, this State.

24

COMPLAINT           - 6 -

1    18.    Defendant Charles R. Rinehart ("Rinehart") has served as a director of Safeco

2  since March 2007. Pursuant to the Sale Agreement, Rinehart (a) is entitled to receive a cash

3  payment for his 1,825 restricted stock rights which will fully vest upon the effective time of the

4  Sale Agreement, and (b) will be granted a right to indemnification for acts or omissions

5  occurring prior to the consummation of the Sale Agreement. This Court has jurisdiction over

6  Rinehart because Safeco is headquartered in Washington and many of Rinehart's actions

7  challenged in this complaint occurred in, or were directed at, this State.

8    19.    Defendant Liberty Mutual Insurance Company ("Liberty Mutual") is an out-of-

9  state stock insurance company headquartered at 175 Berkeley Street, Boston, Massachusetts

10  02117. Liberty Mutual is a member of the Liberty Mutual Group of Companies ("Liberty

11  Mutual Group"), a diversified global group of insurance companies and the sixth largest property

12  and casualty insurance group in the United States based on 2007 direct written premiums. The

13  Liberty Mutual Group offers a wide range of insurance products and services, including personal

14  automobile, homeowners, commercial multiple peril, commercial automobile, general liability,

15  surety, workers compensation, global specialty, group disability, assumed reinsurance and fire

16  insurance. The Liberty Mutual Group employs over 41,000 people in more than 900 offices

17  throughout the world. In connection with the Sale Agreement, Liberty Mutual formed Big Apple

18  Merger Corporation, a Washington corporation, solely for the purpose of entering into the

19  merger agreement and consummating the transactions contemplated by the merger agreement.

20  This Court has jurisdiction over Liberty Mutual because its conduct challenged in this action was

21  designed to and will in fact cause harm in this State.

22    20.    The defendants identified in paragraphs 7 through 18 collectively constitute the

23  entirety of Safeco's board of directors. These 11 individuals are hereinafter referred to as the

24  "Individual Defendants."

COMPLAINT                                    - 7 -

1      21.     By virtue of their positions as directors and/or officers of Safeco and/or their

2 exercise of control and ownership over the business and corporate affairs of Safeco, the

3 Individual Defendants have, and at all relevant times had, the power to control and influence and

4 did control and influence and cause Safeco to engage in the practices complained of herein.

5 Each Individual Defendant owed and owes Safeco and its shareholders fiduciary obligations and

6 were and are required to: (1) use their ability to control and manage Safeco in a fair, just, and

7 equitable manner; (2) act in furtherance of the best interests of Safeco and its shareholders;

8 (3) act to maximize shareholder value in connection with any change in ownership and control to

9 the extent consistent with governing statutes; (4) govern Safeco in such a manner as to heed the

10 expressed views of its public shareholders; (5) refrain from abusing their positions of control;

11 (6) not favor their own interests at the expense of Safeco and its public shareholders; and

12 (7) fully disclose all material events to Safeco's public shareholders. Each defendant herein is

13 sued individually and/or as a conspirator and aider and abettor and in their capacity as directors

14 of Safeco. The liability of each defendant arises from the fact that they have engaged in all or

15 part of the unlawful acts, plans, schemes, or transactions complained of herein.

16                           **CLASS ACTION ALLEGATIONS**

17      22.     Plaintiff brings this action as a class action pursuant to CR 23 on behalf of all

18 Safeco common stock holders (the "Class"). Excluded from the Class are defendants, Safeco's

19 directors and executive officers, members of the immediate families of the defendants and

20 Safeco's directors and executive officers, their heirs and assigns, and those in privity with them.

21      23.     The members of the Class are so numerous and geographically dispersed that

22 joinder of all of them would be impracticable. As of May 23, 2008, Safeco had over 92 million

23 shares issued and outstanding.

24

COMPLAINT               - 8 -

1    24.    There are questions of law and fact common to the members of the Class

2  including, among others, whether:

3        (a)    the defendants have and are breaching their fiduciary duties to the

4    detriment of Safeco shareholders;

5        (b)    plaintiff and the Class are entitled to an injunction and other equitable

6    relief; and

7        (c)    plaintiff and the Class have been damaged and the extent to which they

8    have sustained damages, and what is the proper measure of those damages.

9    25.    Plaintiff's claims are typical of the claims of the Class, since plaintiff and the

10  other members of the Class have and will sustain harm arising out of defendants' breaches of

11  their fiduciary duties. Plaintiff does not have any interests that are adverse or antagonistic to

12  those of the Class.

13   26.    Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is

14  committed to the vigorous prosecution of this action and has retained counsel competent and

15  experienced in this type of litigation.

16   27.    This action is properly maintainable as a class action.

17   28.    The prosecution of separate actions by or against individual members of the class

18  would create a risk of inconsistent or varying adjudications with respect to individual members

19  of the class which would establish incompatible standards of conduct for the party opposing the

20  class, or adjudications with respect to individual members of the class which would as a practical

21  matter be dispositive of the interests of the other members not parties to the adjudications or

22  substantially impair or impede their ability to protect their interest.

23

24

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 868-7870

29.     Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

30.     The questions of law and fact common to the members of the class predominate over any questions affecting only individual members and a class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

### SUBSTANTIVE ALLEGATIONS

### The Inadequate Sale Process

31.     In November 2007, Edmund Kelly, the Chairman, President and CEO of Liberty Mutual Holding contacted Paula Rosput Reynolds, Chair, President and CEO of Safeco, to discuss a combination of Liberty Mutual and Safeco.  In mid-December 2007, Safeco's board determined against exploring a sale of the Company.  At that time, as demonstrated in the graph below, Safeco's stock was traded in the mid to high $50 range.



32.     In January 2008, two parties, referred to in the Proxy Statement as Party A and B, expressed preliminary interest in acquiring the Company at ranges of $64-68.  However, on

- 10 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 868-7870

1   January 30, 2008, Safeco's board reiterated that it was not interested in pursuing a transaction

2   with any interested parties at that time. At that time, the trading price of the Company's stock

3   had deteriorated to the high $40-low$50 range.

4       33.    A month later, after receiving an indication of interest from Liberty Mutual at a

5   price of $64 per share, Safeco's board determined that it might be interested in selling the

6   Company, on improved price terms. Thereafter, Safeco engaged in discussions with Liberty

7   Mutual, and Parties A, B and C, all of which had contacted Safeco to express an interest in

8   acquiring the Company. These discussions were primarily spearheaded by defendant Reynolds

9   on behalf of Safeco despite, as alleged below, the conflict of interest inherent in Reynolds'

10  receipt of over $23 million dollars in cash payment upon a sale of Safeco, which payment she

11  would not otherwise receive at this time absent a sale of the Company. Indeed, despite the fact

12  that the Board had previously directed Reynolds to communicate its determination that they view

13  a price in a range near $70 to adequately reflect the Board's view of Safeco's value, Ms.

14  Reynolds indicated to Mr. Kelly of Liberty Mutual her belief that Safeco's board would consider

15  a price of $68.50 per share.

16      34.    On April 23, 2008, Liberty Mutual and Safeco announced that they had entered

17  into a definitive agreement pursuant to which Liberty Mutual will acquire all outstanding shares

18  of common stock of Safeco for $68.25 per share in cash, or a transaction value of approximately

19  $6.2 billion. As demonstrated in the graph above, at that time Safeco's stock price was at the

20  lowest the Company had traded in the two years preceding the entry in the Sale Agreement.

21  Further, the $68.25 per share price that Liberty Mutual is paying offers an inadequate premium

22  of 1% to Safeco's 52-week high trading price.

23

24

COMPLAINT         - 11 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 868-7870

35.     Notably, Safeco initiated contact with only one other bidder, referred to as Bidder D in the Proxy Statement, and did not seek to conduct a broader sale process to fully explore the realm of potential buyers for the Company.

**The Majority of Safeco's Directors and Officers Stand to Reap Enormous Profits and Other Benefits as a Result of this Transaction that Will Not Be Equally Shared with Safeco's Public Shareholders**

36.     The Majority of Safeco's senior officers and directors stand to receive compensation, in the form of cash payments through change in control payments and restricted stock rights, and indemnification agreements, beyond what the public shareholders will receive in connection with the Sale Agreement, as follows:

(a)     *Defendant Paula Rosput Reynolds* will receive change-in-control payments as set forth below in connection with the Sale Agreement.

| Type of Benefit or Payment | Termination Without Cause or With Good Reason upon Change in Control ($) |
| --- | --- |
| Cash Payment | 2,925,000 |
| Prorated 2008 Bonus | 1,050,959 |
| Incentive Compensation | 8,079,247 |
| 280G Tax Gross-Up | 5,568,462 |
| Other Perks or Benefits | 25,339 |
| Restricted Stock Rights Acceleration | 6,237,719 |
| TOTAL | 23,886,726 |

(b)     *The Non-Employee Directors of Safeco* will receive payments for their restricted stock rights as set forth below:

| Name | Number of Restricted Stock Rights |
| --- | --- |
| Joseph W. Brown | 22,500 |

COMPLAINT

- 12 -

| Robert S. Cline | 11,825 |
| Peter L.S. Currie | 4,325 |
| Joshua Green, III | 11,825 |
| John S. Hamlin | 2,500 |
| Kerry Killinger | 11,825 |
| Gary F. Locke | 6,825 |
| William G. Reed, Jr. | 11,825 |
| Charles R. Rinehart | 1,825 |
| Judith Runstad | 11,825 |

(c)     *Indemnification* – The Sale Agreement provides that Safeco's officers and directors will have rights to indemnification for acts or omissions occurring prior to the consummation of the Sale Agreement (the "Effective Time") for six years after the Effective Time – thereby insulating them from all liability arising from this transaction.

37.     Because of these financial incentives, a majority of the Individual Defendants had a conflict of interest in deciding whether Safeco should be sold at all and, if sold, to whom.

38.     Moreover, the Individual Defendants retained Morgan Stanley & Co. Incorporated ("Morgan Stanley") to serve as their financial advisor and render a fairness opinion on the consideration offered pursuant to the Sale Agreement despite Morgan Stanley's apparent conflict of interest arising from Morgan Stanley providing financing services to Liberty Mutual and its affiliates for which Morgan Stanley received fees.  Further, the Individual Defendants incentivized Morgan Stanley to render a favorable fairness opinion by ensuring that the majority of Morgan Stanley's fee of $30 million was payable only upon a consummation of the Sale Agreement.

**Breach of Fiduciary Duty**

39.     The above facts illustrate a clear conflict of interest between the personal interest of the board and the board's fiduciary duty of loyalty and due care to Safeco's public

COMPLAINT

- 13 -

1  stockholders, particularly in that a majority of Safeco's Board of Directors stands to personally

2  profit from the transaction. If the board had not acted in violation of its duties of loyalty and due

3  care, the board would have actively considered allowing Safeco to remain independent or

4  conducted a more comprehensive sale process. This is a violation of the duties of loyalty and

5  due care to Safeco's public shareholders on the part of each of the Individual Defendants.

6      40.     Rather than allowing the market to value Safeco as a going concern, the

7  Individual Defendants capped Safeco's value by causing it to negotiate with only five potential

8  bidders for the Company, four of which initiated contact with the Company and only one of

9  which was contacted in the first instance by Safeco.

10     41.     The Individual Defendants have breached their fiduciary duties by reason of the

11  acts and transactions complained of herein, including, but not limited to, (1) their decision to sell

12  the Company to Liberty Mutual without the requisite effort to obtain the best offer possible for

13  shareholders; (2) their decision to enter into the Sale Agreement without attempting to negotiate

14  with a more comprehensive universe of buyers; and (3) their inclusion of provisions which

15  benefit the Individual Defendants to the exclusion of the public shareholders.

16     42.     Liberty Mutual has knowingly aided and abetted the breaches of fiduciary duty

17  committed by the Individual Defendants. Further, the proposed sale of Safeco to Liberty Mutual

18  could not take place without the knowing participation of Liberty Mutual.

19     43.     The consideration to be paid to Class members in the proposed sale is unfair and

20  inadequate because, *inter alia*:

21         (a)     the intrinsic value of Safeco's common stock is in excess of the amount

22         offered by Liberty Mutual, giving due consideration to Safeco's future value as a stand

23         alone company and its value to Liberty Mutual; and

24

COMPLAINT                                    - 14 -

1        (b)     The price to be paid for Safeco shares is not the result of an appropriate

2  consideration of the value of Safeco because the Individual Defendants approved the Sale

3  Agreement without undertaking steps to accurately ascertain Safeco's value through open

4  bidding.  By entering the Sale Agreement without actively exploring the market for

5  potential buyers for the Company, the Individual Defendants have allowed the price of

6  Safeco stock to be capped, thereby depriving plaintiff and the Class of the opportunity to

7  realize any increase in the value of Safeco shares.  Despite the long-term value of the

8  Safeco acquisition for Liberty Mutual and the immediate gains received by the Individual

9  Defendants, Safeco public shareholders will be receiving an inadequate takeover

10  premium, and inadequate value given the true value of Safeco.

11      44.    The terms of the Sale Agreement are inadequate to the Class, and the unfairness is

12  compounded by the gross disparity between the knowledge and information possessed by the

13  Individual Defendants by virtue of their positions of control of Safeco and that possessed by

14  Safeco's public shareholders.  Defendants' intent is to take advantage of this disparity and to

15  compel Class members to relinquish their Safeco shares in the sale at an unfair price on the basis

16  of incomplete or inadequate information.

17      45.    As a result of the breach of fiduciary duties by the Individual Defendants

18  complained of herein, plaintiff and other members of the Class have been and will be damaged in

19  that they have not and will not receive their fair proportion of the value of Safeco's assets and

20  business, will be divested from their right to share in Safeco's future growth and development,

21  and have been and will be prevented from obtaining a fair and adequate price for their shares of

22  Safeco common stock.

23      46.    By reason of the foregoing, plaintiff and each member of the Class is suffering

24  irreparable injury and damages.

COMPLAINT              - 15 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 868-7870

1    47.    Plaintiff and other members of the Class have no adequate remedy at law.

2    48.    Consequently, absent the intervention of this Court, plaintiff and members of the

3    Class will suffer irreparable harm in that they will be forever deprived of their interest in Safeco

4    and, as set forth *infra*, will be so deprived without having the opportunity to cast an informed

5    vote.

6                                    **Count I**

7                           **BREACH OF FIDUCIARY DUTY**

8    49.    Plaintiff repeats and realleges all previous and subsequent allegations as if set

9    forth in full herein.

10    50.    By reason of the foregoing, the defendants have breached their fiduciary duties to

11    plaintiff and the Class and/or aided and abetted in the breach of those fiduciary duties.

12    51.    As a result, plaintiff and the Class have been harmed.

13                                   **Count II**

14                        **BREACH OF DUTY TO DISCLOSE**

15    52.    Plaintiff repeats and realleges all previous allegations as if set forth in full herein.

16    53.    The defendants have breached their duty of full and fair disclosure to plaintiff and

17    the Class by failing to disclose to Safeco's public shareholders, among many other things:

18    (i)    According to the Proxy Statement, Morgan Stanley has provided financing

19           services to Liberty Mutual and its affiliates and received fees in

             connection with such services. Also according to the Proxy Statement,

20           subsequent to the date of its fairness opinion, Morgan Stanley served as a

             co-manager in a securities offering for an affiliate of Morgan Stanley. The

21           Proxy Statement is deficient because it fails to disclose (a) the amount of

             the fees that Morgan Stanley has received for work it has done for Liberty

22           Mutual and (b) any work, and the fees payable therefrom, that Morgan

23           Stanley expects to perform for Liberty Mutual or its affiliates in the future.

24

LAW OFFICES OF
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 868-7870

1

2
Information with regard to any conflict of interest that the Company's
financial advisor may have is material to the Company's public

3
shareholders in determining how much weight to place on its opinion and
must therefore be disclosed.

4
(ii)    With regard to Morgan Stanley's *Comparable Transaction Analysis,* the

5
Proxy Statement fails to disclose the results of Morgan Stanley's analysis
considering the assumed transaction synergies (calculated at $250 million

6
per annum, net of assumed tax expenses in the *Comparable Companies*

7
*Analysis*).

8
The methodologies employed by a financial advisor to render its fairness
opinion is material to the public shareholders of Safeco in determining

9
how much weight to place on the fairness opinion and must therefore be

10
disclosed.

11
(iii)   According to the Proxy Statement, on March 26, 2008, the Board directed
Ms. Reynolds to communicate its belief that a price range near $70.00

12
more adequately reflected the Board's view of Safeco's value. Thereafter,

13
on April 18, 2008, Ms. Reynolds indicated to Liberty Mutual that Safeco's
board would consider an acquisition of Safeco at a price of $68.50 per

14
share. The Proxy Statement fails to disclose (a) the methodology used by
the board to determine that a price at $70.00 per share adequately reflected

15
Safeco's value and (b) the basis for Ms. Reynolds' indication that the

16
board would consider an acquisition of Safeco at a price of $68.50 per
share.

17

18
This information is material to Safeco's public shareholders in
determining the extent to which the Individual Defendants complied with

19
their duties of loyalty and care to protect the best interests of Safeco's
public shareholders.

20

21
(iv)    According to the Proxy Statement, in December 2007 and January 2008,
Safeco's board determined against pursuing a business combination of

22
Safeco with any of the four entities, including Liberty Mutual, which had

23
expressed an interest in Safeco. However, in February 2008, the Board
determined that it would be interested in pursuing a transaction with

24
Liberty Mutual. The Proxy Statement fails to disclose (a) the board's

- 17 -    LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 868-7870

1
2
3    rationale for declining to consider a business combination of Safeco in
     December 2007 and January 2008 and (b) the rationale underlying the
     board's decision to reverse its earlier determination a month later.

4    This information is material to Safeco's public shareholders in
     determining the extent to which the Individual Defendants complied with
5    their duties of loyalty and care to protect the best interests of Safeco's
     public shareholders.

6
7         (v)    According to the Proxy Statement, discussions with regard to a sale of
                 Safeco were held with a total of five entities, four of which contacted
8                Safeco and only one of which was contacted on behalf of Safeco. The
                 Proxy Statement fails to disclose the board's rationale for failing to
9                conduct a broader sale process to fully explore the realm of potential
                 buyers for the Company.
10

11   This information is material to Safeco's public shareholders in
     determining the extent to which the Individual Defendants complied with
12   their duties of loyalty and care to protect the best interests of Safeco's
     public shareholders.
13

14   As a result, plaintiff and the Class have been harmed.

15                                        **PRAYER**

16        WHEREFORE, plaintiff demands judgment as follows:

17        1.     determining that this action is a proper class action and that plaintiff is a proper

18   class representative;

19        2.     declaring that defendants have breached their fiduciary duties to plaintiff and the

20   Class and/or aided and abetted such breaches;

21        3.     declaring that defendants have breached their duty of full and fair disclosure to

22   plaintiff and the Class;

23        4.     awarding plaintiff and the Class compensatory and/or rescissory damages as

24   allowed by law;

COMPLAINT                              - 18 -

1       5.    requiring defendants to forfeit any and all compensation since the commencement

2  of their breaches of fiduciary duties, to the extent allowable;

3       6.    awarding interest, attorneys' fees, expert fees, and other expenses and costs in an

4  amount to be determined, to the extent allowable; and

5       7.    granting such other relief as the Court may find just and proper.

6                  **TRIAL BY JURY**

7  Plaintiff demands a trial by jury of all issues so triable.

8

        Dated:  June 2, 2008          Respectfully submitted,

9

10                     LAW OFFICES OF CLIFFORD A. CANTOR, P.C.

                     By:  _s/  Clifford A. Cantor (WSBA # 17893)_
11                     627 208th Ave. SE
                     Sammamish, WA  98074-7033
12                     Tel:    (425) 868-7813
                     Fax:   (425) 868-7870

13

                     *Attorney for Plaintiff*
  *Of Counsel:*
14

  THE BRUALDI LAW FIRM, P.C.
15  29 Broadway, Suite 2400
  New York, New York  10006
16  Tel:    (212) 952-0602
  Fax:   (212) 952-0608

17

18

19

20

21

22

23

24

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel: (425) 868-7813 ◆ Fax: (425) 868-7870